# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SHLOMY HALAWANI, individually and on behalf of all others similarly situated,<br><br>　　　Plaintiff,<br><br>v.<br><br>SPEEDWAY LLC,<br><br>　　　Defendant. | Civil Action No. _____<br><br>(Removal from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida) |

## DEFENDANT SPEEDWAY LLC'S NOTICE OF REMOVAL

Defendant Speedway LLC ("Speedway") hereby files this Notice of Removal of this action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 1453 on the basis of the following facts, which show that this case may be properly removed to this Court[1]:

## PROCEDURAL HISTORY

1. Speedway has been sued in a civil action entitled *Shlomy Halawani v. Speedway LLC*, Case No. CACE-21-008139 (25), in the Seventeenth Judicial Circuit in and for Broward County, Florida.

2. Plaintiff's Complaint was filed on April 22, 2021, and Speedway was served on April 28, 2021. Based on a 30-day extension of time agreed to by Plaintiff, the current deadline for Speedway to respond to the Complaint is June 17, 2021.

---

[1] Speedway reserves all rights to assert any and all defenses to the Complaint. Speedway further reserves the right to amend or supplement this Notice of Removal.

3.  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process and pleadings in this action on file with the Seventeenth Judicial Circuit in and for Broward County, Florida, are attached hereto as **Exhibit 1**.

## VENUE AND JURISDICTION

4.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 100(1), 1391, 1441(a), and 1446(a) because the Seventeenth Judicial Circuit in and for Broward County, Florida, where the Complaint was filed, is a state court within the Southern District of Florida.

5.  As set forth more fully below, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1332(d).

6.  All other requirements for removal here have been satisfied.

## BASES FOR REMOVAL

I.  **THIS COURT HAS SUBJECT MATTER JURISDICTION.**

  A.  **Subject Matter Jurisdiction Exists Pursuant to 28 U.S.C. § 1331.**

7.  The Court has original jurisdiction over this action, and the action may be removed to this Court, because the two claims asserted in Plaintiff's Complaint arise under the laws of the United States—specifically, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

8.  Plaintiff's TCPA claims—the only claims asserted in the Complaint—fall within the federal question jurisdiction of this Court under 28 U.S.C. § 1331, and therefore removal of this action is proper under 28 U.S.C. §§ 1441(a) and 1446(a).

  B.  **Subject Matter Jurisdiction Exists Pursuant to 28 U.S.C. § 1332(d).**

9.  The Court also has original jurisdiction over this action, and the action may also be removed to this Court, under the Class Action Fairness Act of 2005 ("CAFA"). *See* Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.).

10. As set forth below, this is a putative class action in which: (1) Plaintiff alleges there are more than 100 members in the alleged classes; (2) at least one member of the proposed class is a citizen of a different state than Speedway; and (3) based upon the allegations in the Complaint, the claims of the putative class members exceed the sum or value of $5 million in the aggregate, exclusive of interest and costs. Thus, this Court has original jurisdiction over this action, and the action may be removed to this Court, pursuant to 28 U.S.C. § 1332(d)(2).

### 1. **Plaintiff's Proposed Class Consists of More Than 100 Members.**

11. Plaintiff's Complaint alleges that, "[u]pon information and belief, Defendant has placed calls to cellular telephone numbers belong to thousands of consumers listed throughout the United States without their prior express consent." Compl. at ¶ 28 (included within Exhibit 1).

12. In the Complaint, Plaintiff seeks relief on behalf of himself and these "thousands of consumers" that allegedly comprise two putative nationwide classes. *See id.* at ¶ 26.

13. Accordingly, based on the allegations in the Complaint, the aggregate number of members of the alleged classes is greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

### 2. **Minimal Diversity Exists.**

14. This Court has original jurisdiction under CAFA when the parties in a class action are minimally diverse. *See* 28 U.S.C. § 1332(d)(2)(A) ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) *any member of a class of plaintiffs is a citizen of a State different from any defendant*.") (emphasis added).

15. Speedway is a limited liability company duly organized and validly existing under the laws of the State of Delaware and maintains its principal place of business in Ohio. At the time Speedway was served with the Complaint in this action, its sole member was MPC Investment LLC, and the sole member of MPC Investment LLC was Marathon Petroleum Corporation.

3

Marathon Petroleum Corporation was and is a Delaware corporation with its principal place of business in Ohio. At the time of this Notice of Removal, Speedway's sole member is SEI Speedway Holdings, LLC. SEI Speedway Holdings, LLC's sole member is 7-Eleven, Inc. 7-Eleven, Inc. is a Texas corporation with its principal place of business in Texas. Therefore, at the time of service, Speedway was a citizen of Delaware and Ohio, and at the time of removal, Speedway is a citizen of Ohio and Texas. *See* 28 U.S.C. § 1332(c)(1).

16. Based upon the allegations in the Complaint, Plaintiff is a citizen of Florida. *See* Compl. at ¶ 4.

17. Because at least one member of the putative class is diverse from at least one defendant, the requirements for minimal diversity under 28 U.S.C. § 1332(d)(2)(A) are satisfied.

### 3. The Amount in Controversy Requirement is Satisfied.

18. Plaintiff alleges, among other things, that Speedway violated the TCPA by making unsolicited calls to Plaintiff and members of the putative classes. *See* Compl. at ¶ 25.

19. Plaintiff seeks actual and statutory damages for himself and members of the putative classs, including $500 for himself and each putative class member for each and every "negligent violation" of the TCPA by Speedway and up to $1,500 for each and every "knowing and/or willful violation" of the TCPA. *Id.* at Prayer for Relief. Plaintiff also seeks declaratory and injunctive relief. *See id.*

20. Speedway asserts that Plaintiff's claims fail on the merits and class certification is not appropriate in this action, and Speedway denies that Plaintiff or the putative classes are due any amount of damages. Nonetheless, Plaintiff's allegation that the putative classes include thousands of members, coupled with the request for relief of up to $1,500 for each and every

violation, means the amount in controversy easily exceeds CAFA's $5,000,000 amount in controversy requirement set forth in 28 U.S.C. § 1332(d).[2]

## II.   ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED.

21.   The Notice of Removal is timely filed within 30 days after the receipt by Speedway, through service or otherwise, of a copy of the Complaint. Speedway was served with the Complaint on April 28, 2021. Speedway's deadline to remove is May 28, 2021. *See* 28 U.S.C. § 1446(b)(1). Speedway thus timely files this Notice of Removal.

22.   Pursuant to the requirements of 28 U.S.C § 1446(b)(2)(A), Speedway is the only defendant named in the Complaint and it consents to removal by filing this Notice of Removal.

23.   Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal in the United States District Court for the Southern District of Florida, written notice of such filing will be served by the undersigned on the Plaintiff's counsel of record, and a copy of the Notice of Removal will be filed with the Clerk of the Seventeenth Judicial Circuit in and for Broward County, Florida.

24.   By filing this Notice of Removal, Speedway does not waive any defense that may be available to it and reserves all such defenses.

## CONCLUSION

25.   For all the reasons stated, this action is removable to this Court pursuant to 28 U.S.C. §§ 1441, 1446 and 1453, and this Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1332(d).

---

[2] Speedway reserves the right to present additional evidence concerning Plaintiff's purported damages and the other elements of Plaintiff's requested relief, including injunctive relief, should Plaintiff contend that the amount-in-controversy requirement is not satisfied in this case.

4821-2030-3340 v2

WHEREFORE, Defendant Speedway LLC gives notice that the action bearing case number CACE-21-008139 (25), pending in the Seventeenth Judicial Circuit in and for Broward County, Florida, is removed to the United States District Court for the Southern District of Florida, and requests that the Court retain jurisdiction for all further proceedings in this matter.

Respectfully submitted this 28th day of May, 2021.

> By: /s/ *Daniel B. Rogers*
> DANIEL B. ROGERS (FBN 195634)
> **SHOOK, HARDY & BACON L.L.P.**
> Citigroup Center, Suite 3200
> 201 South Biscayne Boulevard
> Miami, Florida 33131
> Telephone: (305) 358-5171
> Fax: (305) 358-7470
> Email: drogers@shb.com
>
> *Counsel for Defendant Speedway LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing is being filed through CM/ECF, which will send a Notice of Electronic Filing to all registered attorneys, and is also being served via email on this 28th day of May, 2021 to the below counsel of record.

By: s/*Daniel B. Rogers*
DANIEL B. ROGERS

## SERVICE LIST

Manuel S. Hiraldo
**HIRALDO P.A.**
Florida Bar No. 030380
401 E. Las Olas Boulevard, Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713

Jibrael S. Hindi
Thomas J. Patti
**THE LAW OFFICES OF JIBRAEL S. HINDI**
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954.907.1136
E-mail: jibrael@jibraellaw.com
E-mail: tom@jibraellaw.com

*Counsel for Plaintiff and Putative Classes*

4821-2030-3340 v2