# EXHIBIT 1

## Shlomy Halawani Plaintiff vs. Speedway, LLC, Defendant

**Broward County Case Number:** CACE21008139
**State Reporting Number:** 062021CA008139AXXXCE
**Court Type:** Civil
**Case Type:** Other
**Incident Date:** N/A
**Filing Date:** 04/22/2021
**Court Location:** Central Courthouse
**Case Status:** Pending
**Magistrate Id / Name:** N/A
**Judge ID / Name:** 25 Phillips, Carol-Lisa

### − Party(ies)

Total: 2

| Party Type | Party Name | ❓ Address | ❓ Attorneys / Address ★ Denotes Lead Attorney |
|---|---|---|---|
| Plaintiff | **Halawani, Shlomy** | | ★ Hiraldo, Manuel S Retained Bar ID: 30380 HIRALDO, PA 401 E. Las Olas Blvd Suite 1400 Fort Lauderdale, FL 33301 **Status: Active** |
| Defendant | **Speedway, LLC,** | | |

### − Disposition(s)

Total: 0

| Date | Statistical Closure(s) |
|---|---|

| Date | Disposition(s) | View | Page(s) |
|---|---|---|---|

### − Event(s) & Document(s)

Total: 5

| Date | Description | Additional Text | View | Pages |
|------|-------------|-----------------|------|-------|
| 05/06/2021 | **Summons Returned Served** | On 4/28/21 at 1:45pm<br>Party: *Defendant* Speedway, LLC, | 📄 | 1 |
| 04/23/2021 | **Search for prior case performed per 2020-4-Civ-UFC-CO** | NONE | 📄 | 1 |
| 04/22/2021 | **Civil Cover Sheet** | Amount: $100,001.00 | 📄 | 3 |
| 04/22/2021 | **Complaint (eFiled)** | CLASS ACTION<br>Party: *Plaintiff* Halawani, Shlomy | 📄 | 13 |
| 04/22/2021 | **eSummons Issuance** | Party: *Defendant* Speedway, LLC, | 📄 | 1 |

---

− Hearing(s)                                                                Total: 0

**There is no Disposition information available for this case.**

---

− Related Case(s)                                                           Total: 0

**There is no related case information available for this case.**

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

## I.    CASE STYLE

IN THE CIRCUIT COURT OF THE <u>SEVENTEENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>  COUNTY, FLORIDA

<u>Shlomy Halawani</u>
Plaintiff                                                    Case # _____
                                                            Judge _____

vs.

<u>Speedway LLC</u>
Defendant

## II.    AMOUNT OF CLAIM
Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001-$50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

## III.    TYPE OF CASE      (If the case fits more than one type of case,  select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

## CIRCUIT CIVIL

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
    ☐ Business governance
    ☒ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

## COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☒ No ☐

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  1

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
☒ yes
☐ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Manuel S Hiraldo           Fla. Bar # 30380
      Attorney or party                 (Bar # if attorney)

Manuel S Hiraldo            04/22/2021
  (type or print name)          Date

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

### CASE NO.

SHLOMY HALAWANI,
*individually and on behalf of all others*
*similarly situated,*

      Plaintiff,

vs.

SPEEDWAY, LLC,

      Defendant.

_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

### SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this Summons and a copy of the complaint or petition in this action on defendant:

Speedway, LLC
Registered Agent:
C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

      Each defendant is required to serve written defenses to the complaint or petition on **MANUEL S. HIRALDO, HIRALDO P.A., Plaintiff's attorney, whose address is 401 E. Las Olas Blvd., Ste. 1400, Fort Lauderdale, FL 33301, Tel: (954) 400-4713,** within twenty (20) days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

      DATED on _____ APR 23 2021

As Clerk of the Court

BY: _____
As Deputy Clerk

BRENDA D. FORMAN

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.

SHLOMY HALAWANI,
*individually and on behalf of all others*
*similarly situated*,

      Plaintiff,

vs.

SPEEDWAY, LLC,

      Defendant.

_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Shlomy Halawani brings this class action against Defendant Speedway, LLC, and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1.      This is a putative class action under 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA").

2.      To promote its gas stations and related services, Defendant engages in unsolicited text messaging utilizing an automatic telephone dialing system, including to individuals who have registered their telephone numbers on the National Do Not Call Registry.

3.      Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct. Plaintiff also seeks statutory damages on behalf of himself and Class Members, as defined below, and any other available legal or equitable remedies resulting from the illegal actions of Defendant.

## PARTIES

4.      Plaintiff is, and at all times relevant hereto was, an individual and a "person" as defined by 47 U.S.C. § 153(39), a citizen and resident of Broward County, Florida.

5.      Defendant is, and at all times relevant hereto was, a Florida corporation and a "person" as defined by 47 U.S.C. § 153(39), with a principal address of 500 Speedway Drive, Enon, Ohio 45323.  Defendant directs, markets, and provides business activities throughout the State of Florida.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

7.      Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state.  Defendant initiated and directed, or caused to be initiated and directed by its agent(s), telemarketing and/or advertising text messages into Florida and without the requisite prior express written consent in violation of the TCPA. Specifically, Defendant initiated and directed, or caused to be initiated and directed, the transmission of unsolicited advertisement or telemarketing text messages to Plaintiff's cellular telephone number to sell goods, services or products in Florida, and Plaintiff received such messages while residing in and physically present in Florida.  Additionally, Plaintiff's cellular telephone has an area code that is associated with locations in Florida such that Defendant knew that it was sending text messages into Florida and causing harm to an individual residing in Florida.

8.      Venue for this action is proper in this Court because all facts giving rise to this action occurred in this circuit.

## **FACTS**

9.      On or about April 15, 2021, April 17, 2021, and April 20, 2021, Defendant sent the

following text messages to Plaintiff's cellular telephone:



10.     Plaintiff received the subject text messages within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district.

11.     The purpose of Defendant's text message was to promote and advertise its gas stations and related services.

12.     Upon information and belief, Defendant caused similar text messages to be sent to individuals residing within this judicial district.

13.     Plaintiff is the subscriber and sole user of the telephone number that received the messages and is financially responsible for phone service to the number.

14.     Plaintiff never provided Defendant with express written consent to contact his cellular telephone with advertisements using an automatic telephone dialing system ("ATDS").

15.     Plaintiff's cellular telephone number has consistently been registered on the National Do Not Call Registry since 2018.

16.     Plaintiff solely uses his cellular telephone for personal purposes.

17.     To send the text messages, Defendant used a text messaging platform (the "Platform") that permitted Defendant to transmit bulk SMS text messages.  Systems like the Platform utilized by Defendant have the capacity to transmit thousands of messages per second and are technologically more sophisticated in their availability to transmit messages than a traditional smartphone.

18.     The Platform utilized by Defendant is an ATDS because it has the capacity to (1) store telephone numbers; (2) using a random or sequential number generator.

19.     Specifically, the Platform has the capacity to indefinitely store telephone numbers within a computer database for subsequent dialing.

20.     Further, the Platform has the capacity to utilize a random and sequential number generator in the storage of those numbers, and does in fact utilize said number generator for a variety of functions including, but not limited to, the selection and creation of SMS packets containing the target telephone numbers to be dialed by the Platform, as well as the sequential and/or random selection of telephone numbers to be dialed from a preselected list of numbers.

21.     A packet in the context of SMS transmission is an envelope of data that contains various instructions and content, including the target cellular telephone number to be dialed, the sequence in which to dial each number, and wording of the message.  The following is an example of an typical SMS packet:

SubmitReq:StatusReportReq=true,Destination=0011166500313,Sequence=35722139,Originator=91157,OriginatorType=3,Body=3:2e:0a11:2f14:2f11:0aDEBIT(p)$1:2e47:0aCHKCARDFOUTSETCROBERTIDUS:0aFornexttransaction:3aReplyN:0aForprevious:3aReplyP,BillingRef=,ClientRef=41883049-1,ProfileId=31174,Operator=31003,Tariff=0,Tag-Program=stdrt,TagChClientID=31174,TagChUsername=corvette_31174,ServiceId=51437,Interface=xml,

22.     In the context of SMS packet creation, the Platform utilizes a random and/or sequential number generator to pull and generate telephone numbers from a list of numbers and transfer those numbers to a separate list for the creation of the packets, and ultimately placement into each independent SMS packet.

23.     In the context of dialing the numbers, the Platform utilizes a random and/or sequential number generator to pick and designate the sequence in which to dial the telephone numbers.  The Platform independently selects the rate and time at which to dial each telephone numbers and may temporarily store the packets in a queue when the volume exceeds capacity to deliver them.

24.     The Platform also has the capacity to use its random and/or sequential number generator to generate random or sequential identification numbers that it assigns to each SMS packet.

25.     Defendant's unsolicited calls violated Plaintiff's and the Class members' substantive privacy rights under the TCPA.

## CLASS ALLEGATIONS

### PROPOSED CLASS

26.     Plaintiff brings this lawsuit as a class action on behalf of himself individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3).  The "Class" that Plaintiff seeks to represent is comprised of class two classes and defined as:

> **NO CONSENT CLASS: All persons in the United States who, within four years prior to the filing of this action, (1) were sent a text message by or on behalf of Defendant, (2) using the same equipment or type of equipment utilized to text message Plaintiff, (3) regarding Defendant's property, goods, and/or services.**
>
> **DO NOT CALL REGISTRY CLASS: All persons in the United States who from four years prior to the filing of this action: (1) were sent a text message by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of advertising and/or promoting Defendant's products and services.**

27.     Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

**NUMEROSITY**

28.     Upon information and belief, Defendant has placed calls to cellular telephone numbers belonging to thousands of consumers listed throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

29.     The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

30.     There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: [1] Whether Defendant initiated telemarketing calls to telephone numbers; [2] Whether Defendant can meet its burden of showing that it had express consent to make such calls; [3] Whether Defendant's conduct was knowing and willful; [4] Whether Defendant is liable for damages, and the amount of such damages; and [5] Whether Defendant should be enjoined from such conduct in the future.

31.     The common questions in this case are capable of having common answers.  If Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

32.     Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

33.    Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

34.    A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

35.    The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**VIOLATION OF 47 U.S.C. § 227(b) and 47 C.F.R. § 64.1200**
**(On Behalf of Plaintiff and the No Consent Class)**

36.     Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

37.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

38.     It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an automatic telephone dialing system…To any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

39.     Additionally, it is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system…other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made  …" 47 C.F.R. § 64.1200(a)(2).

40.     Defendant utilized equipment with the capacity to store telephone numbers using a random or sequential number generator to make non-emergency telephone calls to the cellular telephones of Plaintiff and members of the No Consent Class.

41.     These calls were made without the express written consent of Plaintiff and the No Consent Class members.

42.     Defendant has, therefore, violated § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200 of the TCPA by using an automatic telephone dialing system to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their consent.

43.     As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id*.

## COUNT II
### <u>Violations of the TCPA, 47 U.S.C. § 227(c)</u>
### (On Behalf of Plaintiff and the Do Not Call Registry Class)

44.     Plaintiff re-alleges and incorporates the allegations of paragraphs 1-35 as if fully set forth herein.

45.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

46.     47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

47.     47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

48.     Any "person who has received more than one telephone call within any 12- month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

49.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

50.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

51.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a)   An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b)   An award of actual and statutory damages for Plaintiff and each member of the Class;

c)   As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq*., and its implementing regulations, Plaintiff seeks for himself and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 277(b)(3);

d)   As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq*., and its implementing regulations, Plaintiff seeks for himself and each member of the Classes treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 277(b)(3)(B) and § 277(b)(3)(C);

e)   An order declaring that Defendant's actions, as set out above, violate the TCPA and its implementing regulations;

f)   An injunction requiring Defendant to cease all unsolicited text messaging activity, and to otherwise protect the interests of the Class;

g)   An injunction prohibiting Defendant from using, or contracting the use of, an automatic telephone dialing system without obtaining, recipient's consent to receive calls made with such equipment;

h)   A declaration that Defendant's practices described herein violate 47 C.F.R. § 64.1200(a)(1)(iii);

i)   A declaration that Defendant's violations of 47 C.F.R. § 64.1200(a)(1)(iii) were willful and knowing; and

j)   Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant takes affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the communication or transmittal of the text messages as alleged herein.


DATED: April 22, 2021

Respectfully Submitted,

**HIRALDO P.A.**

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713

**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:     jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:     tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:     954-907-1136

## IN THE CIRCUIT COURT OF THE 17ᵀᴴ JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

Case No: _CACE-21-008139_

_Shlany Halawani_
Plaintiff

Judge Division: _25_

VS

_Speedway, LLC,_
Defendant



### CLERK'S CERTIFICATE OF COMPLIANCE

I hereby certify that pursuant to Administrative Order, No. 2020–73Civ/2020–74–UFC: **"ADMINISTRATIVE ORDER DIRECTING CLERK OF COURTS WITH REGARD TO DISMISSED CIVIL OR FAMILY CASES",**

The Clerk has conducted a search for all previous existing civil cases related to these two parties.

Listed below are all the aforementioned related cases: _NONE_

Brenda D. Forman
Circuit and County Courts

By: _____

Deputy Clerk

## RETURN OF SERVICE

**State of Florida**                    **County of Broward**                    **Circuit Court**

Case Number: CACE-21-008139 25

Plaintiff:
**SHLOMY HALAWANI INDIVIDUALLY AND ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED**

vs.

Defendant:
**SPEEDWAY LLC**

For:
Manuel Hiraldo
Hiraldo P.A.
401 E. Las Olas Blvd.
Ste 1400
Fort Lauderdale, FL 33301

Received by L & L Process, LLC. on the 23rd day of April, 2021 at 3:05 pm to be served on **SPEEDWAY
LLC REGISTERED AGENT: CT CORPORATION SYSTEM, 1200 SOUTH PINE ISLAND RD,
PLANTATION, FL 33324**.

I, Katherine Font, do hereby affirm that on the **28th day of April, 2021** at **1:45 pm, I:**

served a **CORPORATION** by delivering a true copy of the **Summons and Class Action Complaint** with
the date and hour of service endorsed thereon by me, to: **DONNA MOCH AS SENIOR CORPORATE
OPERATIONS MANAGER FOR C.T. CORPORATION SYSTEM as REGISTERED AGENT** for
**SPEEDWAY LLC**, at the address of: **1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324**, and
informed said person of the contents therein, in compliance with state statutes.

I do hereby certify that I have no interest in the above styled action; that I am over the age of eighteen
years; and that I am a Special Appointed Process Server in and for Broward County, Florida.  Under
penalty of perjury, I declare that I have read the foregoing Verified Return of Service and the facts
contained herein are true and correct to the best of my knowledge. NO NOTARY REQUIRED PURSUANT
TO F.S.92.525(2)

Katherine Font
SPS #920

**L & L Process, LLC.**
**13876 SW 56 Street**
**Suite 200**
**Miami, FL 33175**
**(305) 772-8804**

Our Job Serial Number: LLP-2021001412

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2b